IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CASE NO. 3:24-CR-35 (TES) |
| **DOUGLAS RONDON VILLARROEL** | : |
| Defendant | : |

**PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT**

WHEREAS, on August 4, 2025, Defendant Douglas Rondon Villarroel (hereinafter "Villarroel" or "Defendant"), pled guilty to Count One of the Superseding Indictment charging him with Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349, in connection with Title 18, United States Code, Section 1344;

AND WHEREAS, the Superseding Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Villarroel in the amount of two thousand dollars ($2,000.00), representing the proceeds of the fraud scheme, obtained directly or indirectly, as a result of such offense(s); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the personal money judgment amount and the offense(s) of conviction, and the Defendant shall forfeit to the United States the sum of two thousand dollars ($2,000.00).

2. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4. As issued this date, this Order of Forfeiture/Money Judgment consists of a judgment for a sum of money. The United States may, at any time, move pursuant to Fed. R. Crim. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the subject property or other assets subject

to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

SO ORDERED, this __1st__ day of __October__, 2025.

                                                s/Tilman E. Self, III
                                                TILMAN E. SELF, III, JUDGE
                                                UNITED STATES DISTRICT COURT
                                                MIDDLE DISTRICT OF GEORGIA

WILLIAM R. KEYES
UNITED STATES ATTORNEY

*/s/ Michael P. Morrill*
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410